JOHNSON, INSURANCE COMMISSIONER, *v.* SCHREPFER-MAN.

[No. 9,602. Filed May 14, 1918.]

1. APPEAL.—*Briefs.—Questions Presented.*—Where the principal questions sought to be presented may be ascertained by the consideration of the appellant's and the appellee's briefs together, such questions so ascertainable will be considered, though the appellant's briefs are subject to criticism. p. 607.

2. BROKERS.—*Definition.*—A broker is a negotiator between other parties, and as such does not act in his own name. p. 609.

3. BROKERS.—*Character of Acts.—Proof of Relation.—Inference.*— The character of a broker's relation to a given transaction may be proved like any other fact, either by direct evidence or by the proof of facts which warrant an inference as to such relation. p. 610.

4. INSURANCE.—*Agent's Authority.*—In the absence of a special contract to the contrary, a broker who procures insurance which is accepted and issued by the company is the agent of the company, and his acts and representations within the scope of his authority are binding on the company. p. 610.

5. EVIDENCE.—*Res Gestae.*—*Statements of Agent.*—In an action by an insurance commissioner for recovery of a delinquent premium on a policy procured by the defendant through a broker, acts and statements of the broker in reference to the procuring of the policy, the adjusting of the premium and the canceling of the policy, which were within the scope of the broker's authority, are admissible in evidence as part of the *res gestae.* p. 611.

From Clay Circuit Court; *John M. Rawley,* Judge.

Action by Charles Johnson, as Insurance Commissioner for the Commonwealth of Pennsylvania, against Nicholas Schrepferman. From a judgment for the defendant, the plaintiff appeals. *Affirmed.*

*B. C. Craig,* for appellant.
*McGregor, Knight & Miller* and *Edward H. Knight,* for appellee.

FELT, J.—Appellant brought suit against appellee to collect an alleged unpaid premium for insurance. The complaint in one paragraph was answered by a general denial. The case was tried by the court without a jury, and the finding and judgment were for the defendant. Appellant filed a motion for a new trial, which was overruled, and this appeal prayed and granted. The only error assigned is the overruling of the motion for a new trial.

Appellee earnestly contends that no questions are duly presented by appellant's briefs under the rules of this court. The briefs are justly subject to criticism, but, considering the briefs of both appellant and appellee together, we are able to ascertain the principal questions sought to be presented, and shall consider only such questions as may be so ascertained.

1. It appears without controversy that on May 18, 1914, the Employers' Indemnity Company, an insur-

ance company of the State of Pennsylvania, was by
due order of court in that state dissolved, and appel-
lant was placed in charge of its business and assets
for the purpose of liquidation; that on September.
25, 1912, said company issued to appellee a policy of
industrial insurance to protect him from loss on ac-
count of damages sustained by reason of injuries to
his employes in certain coal mines operated by him
in Clay county, Indiana; that in pursuance of the pro-
visions of the policy the company canceled the same
as of the date of December 1, 1912; that the premium
for said policy was not paid by appellee, and appel-
lant claims that there is due from him on that account
the sum of $174.07.

Over appellant's objection the court permitted wit-
nesses to testify to certain statements made by Mr.
Wolf to appellee, which tended to prove that appellee
was not required to pay the premium on the policy
in question, and that, in order to hold his business,
other interested parties had arranged temporarily for
his insurance until they could write his insurance in
a company they were organizing.

The gist of appellant's contention is that there is
no evidence, other than the statements of Wolf, him-
self, which tend to prove that he was the agent of the
Employers' Indemnity Company; that the authority
of an agent to represent his alleged principal cannot
be proved by the statements of the agent. The latter
proposition is not controverted.

There was evidence tending to show that appellee
had carried such insurance in another company which
had gone out of business, and that certain parties were
engaged in organizing a new company with a view
of carrying insurance formerly carried by such other

company, including appellee's business; that, to hold such insurance, the aforesaid parties undertook to provide insurance for appellee without cost to him in other companies, including the Employers' Liability Company, until such new company was organized and authorized to do business. There was evidence, other than the statements of Wolf, to show that Wolf acted as an insurance broker; that the policy in question was procured by him, and that no representative or agent of the company had anything to do with its procurement other than Mr. Wolf and his assistants; that he delivered the policy to appellee, procured from him certain statements in regard to his pay roll, required by the Employers' Indemnity Company, delivered the same to the company, and later on arranged for the cancellation of the policy in accordance with the original plan when the policy was issued by the company and delivered to appellee by Mr. Wolf as aforesaid. Furthermore, appellant states in his brief that: "Arthur Wolf was an insurance broker * * * engaged in the business of securing insurance for clients."

Appellee contends that the evidence fully authorized the inference that Mr. Wolf acted as an insurance broker and as such procured the policy from the company; that acting in that capacity he was the agent of the company in the transaction with appellee relative to the policy and premium in controversy; also that the facts show a ratification of the agency of Wolf by the insurance company.

A broker is a negotiator between other parties, and does not act in his own name. The character of his relation to a given transaction, when not admitted, may be proved like any other fact, by either direct and positive evidence, or may be

2.

3.  inferred from proved facts and circumstances which warrant such inference. *Barnett* v. *Gluting* (1891), 3 Ind. App. 415, 420, 29 N. E. 154, 927; *Haas* v. *Ruston* (1895), 14 Ind. App. 8, 17, 42 N. E. 298, 56 Am. St. 288; 1 Words and Phrases 878; *Over* v. *Schiffling* (1885), 102 Ind. 191, 196, 26 N. E. 91; *Wagner* v. *McCool* (1912), 52 Ind. App. 124, 135, 100 N. E. 395. The evidence warrants the inference that Mr. Wolf acted as a broker in procuring the insurance from the company represented by appellant, for which the premium in controversy is alleged to be due.

4.  The law is settled in Indiana that, in the absence of a special agreement or arrangement to the contrary, a broker who procures insurance which is accepted and issued by the insurance company is the agent of such company, and may bind it by his acts and representations within the scope of his authority. Insurance brokers so acting are the agents of such companies for the purpose of delivering policies procured by them and in collecting or adjusting the premiums therefor. *Indiana Ins. Co.* v. *Hartwell* (1890), 123 Ind. 177, 191, 24 N. E. 100; *Thompson* v. *Michigan Mut. Life Ins. Co.* (1914), 56 Ind. App. 502, 510, 105 N. E. 780; *Western Ins. Co.* v. *Ashby* (1913), 53 Ind. App. 518, 523, 102 N. E. 45; *Insurance Company, etc.* v. *Indiana Reduction Co.* (1917), 65 Ind. App. 330, 117 N. E. 273; *Continental Ins. Co.* v. *Bair* (1917), 65 Ind. App. 502, 114 N. E. 763, 116 N. E. 752; *Globe, etc., Ins. Co.* v. *Indiana Reduction Co.* (1916), 62 Ind. App. 528, 113 N. E. 425.

The facts tend to sustain the finding, which includes the proposition that in procuring the insur-

ance, adjusting the premium, and canceling the policy, Mr. Wolf was the agent of the company. Such being the case, his acts and statements relating to the transactions aforesaid are a part of the *res gestae* thereof and binding on the insurance company.

Appellant's contention goes to the admissibility of the evidence aforesaid, and it is not contended that if such evidence was properly received it does not tend to sustain the decision of the trial court.

The evidence also tends to show that no demand was made on appellee for payment of the premium while the company was doing business as a going concern, and that the first demand made on him therefor was made by a representative of appellant about two years after the policy was issued.

The case seems to have been fairly tried on its merits. No intervening error harmful to appellant has been pointed out. Judgment affirmed.

Note.—Reported in 119 N. E. 494. See under (2) 9 C. J. 508; (3) 9 C. J. 553; (4) 22 Cyc 1428, 1429; (5) 16 Cyc 1242.