Gilbert H. King, J.
Defendant moves for an order dismissing plaintiff’s complaint pursuant to CPLR, 3211 (subd. [a]) on the ground that it fails to state a cause of action.
The plaintiff operated an automobile repair garage and a welding shop at 151 Porter Street, Predonia, New York. He owned a portable welder and on February 3, 1961 he was called to the home of one Donna Moore situate on McAllister Road, in the Town of Pomfret, New York, for the purpose of thawing out frozen water pipes in the house. This was accomplished by attaching clamps to the pipes. Thereafter a fire occurred in the Moore house and an action was brought by Donna Moore against the plaintiff in this action alleging that the fire was caused by the negligence of Harry Davis in thawing out the pipes.
At the time of the Moore house incident plaintiff was the insured under a “ Garage Liability Policy ” issued by the defend *136 ant herein. Defendant Hartford refused to defend the Moore action on the ground that the policy did not cover the actions of Davis in the circumstances under or location at which the fire occurred on the Moore property. Davis then brought this action seeking a declaratory judgment that the garage liability policy did insure Davis under these facts and requiring defendant to defend the Moore action and be obligated to pay any judgment obtained therein by the plaintiff Moore.
Defendant Hartford bases its refusal to defend and bottoms its claim for dismissal of the complaint herein on the ground (1) that the thawing of frozen pipes in a house was not covered by the language of the policy which insured Davis in his operation of an automobile repair shop and 11 all operations necessary or incidental thereto ” and (2) that the coverage is limited to such things as occur on the “ premises ” (described in the policy as “ 155 Porter Ave., Fredonia, N. Y., Service Station”).
It is plaintiff’s contention that his action at the Moore house by the use of the portable welder to thaw frozen pipes was “ incidental ” to the operation of his automobile garage repair shop.
In the court’s opinion, the use of garage equipment to thaw frozen pipes in a house off the premises described in the policy is not an operation “ necessary or incidental” to the garage business even if we concede that it was the practice of Davis and other similarly situated garage operators to perform such a service. The court might feel otherwise if the thawing service was performed, for example, on an automobile, truck, farm vehicle or other mechanical device even if done off the premises described in the policy. Then it would be necessary to reach and determine the limitations of the “ premises ” provision of the policy. Under the court’s determination here such a determination is not necessary or made.
The court finds that as a matter of law the defendant Hartford’s policy did not insure the plaintiff Davis for the cause of action alleged against Davis in the complaint of Donna Moore.
Defendant’s motion is granted, without costs.