AUTOMOBILE UNDERWRITERS, INC., ATTORNEYS-IN-FACT FOR THE SUBSCRIBERS AT STATE AUTOMOBILE INSURANCE ASSOCIATION AND STATESMAN INSURANCE COMPANY, DECATUR INSURANCE AGENCY, INC., JAMES DOERFLINGER *v.* CARL HITCH, D/B/A CARL'S SUPER ROSE STATION, CARL HITCH AND RUBY HITCH, HUSBAND AND WIFE, ROBERT DALE CLARK, B/N/F LOREN J. COMSTOCK, AND DARRELL LEE KUHN.

[No. 1-1275A232. Filed June 22, 1976. Rehearing denied July 27, 1976. Transfer denied October 22, 1976.]

*David F. McNamar, Steers, Klee, Sullivan, McNamar & Rogers,* of Indianapolis, *William H. Robbins, Rolfes, Garvey, Walker & Robbins,* of Greensburg, for appellants Automobile Underwriters, etc., *H. William Irwin, Stewart, Irwin, Gilliom, Fuller & Meyer,* of Indianapolis, *Don Hubert Wickens, Wickens, Wickens & Wilke,* of Greensburg, for appellants Decatur Insurance and Doerflinger.

*Charles J. Scott,* of Greensburg, for appellees Hitch, *Patrick J. Bennett, Lewis, Bowman, St. Clair, Bennett & Wagner,* of Indianapolis, for appellees Clark and Kuhn.

ROBERTSON, C.J.—This case was initially a declaratory action brought by plaintiffs-appellants Automoble Underwriters, Inc. and Statesman Insurance Co. (Underwriters and Statesman) for a declaration of their respective rights under two policies of insurance. Underwriters and Statesman bring this appeal from the trial court's decision holding them liable under both policies to defendant-appellee Hitch. Also, third-party defendant-appellant Decatur Insurance Agency (Decatur) appeals from the trial court's decision holding Decatur liable for negligently failing to procure proper coverage for Hitch.

The issues upon appeal concern whether the judgment of the trial court is contrary to law. We reverse in part and affirm in part.

Mr. Doerflinger, general manager of the Decatur Insurance Agency, sold two policies of insurance to Carl Hitch in 1970. One policy, written with Automobile Underwriters, was a garage liability policy written to insure garage operations at Carl's Super Rose Station in Greensburg, Indiana for a period from November 18, 1971 through November 18, 1972. The other was a homeowners policy written with Statesman Insurance, covering Hitch's personal residence in Decatur

County, Indiana for a period of June 24, 1970 through June 25, 1973.

For a period of approximately ten years, Carl Hitch had reloaded shotgun shells in the garage at his personal residence. Some of these shells were used by his friends while others were sold from his gasoline service station in Greensburg, Indiana. The reloaded shells were boxed in "Federal" shotgun shell boxes and placed on the shelves behind the counter in the station.

On November 15, 1972, Robert Clark and Darrell Kuhn filed suit against Hitch alleging that they had sustained personal injuries when a reloaded shotgun shell purchased at Hitch's service station malfunctioned and exploded on September 17, 1972. When Hitch received the complaints, he forwarded them to his insurance agent, Mr. Doerflinger, who in turn forwarded them to Underwriters and Statesman.

Underwriters and Statesman gave notice to Hitch by a reservation of rights that he might not be covered for the accident under their policies of insurance and hired independent counsel to represent him in the suit. Underwriters and Statesman then brought an action for a declaratory judgment seeking a determination of whether or not they were responsible for a defense and would be liable on any judgment rendered in the action instituted by Clark and Kuhn for injuries allegedly suffered from the explosion of the reloaded shell. Carl Hitch filed a counterclaim against Underwriters and Statesman alleging breach of contract and also filed a third party complaint against Decatur Insurance Agency and its general manager, James Doerflinger, alleging breach of contract and negligence in failing to provide sufficient coverage for Hitch.

Trial was held and on May 21, 1975, the court entered findings of fact and conclusions of law. The trial court held that both policies covered the reloading and sale of shotgun shells and would subject the insurers to liability for any judgment rendered in the Clark and Kuhn suit. The court further found

Underwriters and Statesman in breach of their contracts of insurance and found the Decatur Insurance Agency negligent in the solicitation and application for the policies. The court continued the matter as to the damages owed Hitch by Underwriters and Statesman and the Decatur Insurance Agency.

Underwriters, Statesman and the Decatur Insurance Agency bring this appeal contending that the judgment is contrary to law.

Underwriters first contends that the trial court erred in holding that the garage liability policy covered personal injuries arising from the sale of reloaded shotgun shells from Hitch's service station.

The garage liablity policy provides, in pertinent part:

"I. Garage Liability

Coverage G Bodily Injury Liability

The Company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of

G. Bodily Injury or
H. Property Damage

to which this insurance applies, caused by an occurrence and arising out of garage operations. . . ."

The term "garage operations" was further defined as follows:

" 'garage operations' means the ownership, maintenance or use of the premises for the purpose of a garage and all operations necessary or incidental thereto."

The trial court held that the sale of reloaded shotgun shells was incidental to the operation of Hitch's service station and, therefore, within the coverage of the policy. We disagree. Clearly, the sale of reloaded shotgun shells was not necessary or incidental to the maintenance or use of the premises for the purpose of a garage.

As stated in 8 Blashfield, Automobile Law and Practice, § 319.3, p. 102 (1966):

"Where such policy [a garage liability or service station liability policy] insures against liability by reason of the maintenance, conduct, and operations of the garage, it is only matters arising on garage premises or directly incidental to the garage business for which the insurance company must answer."

The trial court found that the term "necessary or incidental" was ambiguous and should be most strongly construed against the insurer. However, an ambiguity is not affirmatively established simply because controversy exists and one party asserts an interpretation contrary to that asserted by the opposing party. In order to establish an ambiguity, so as to bring into play the rules of construction, it must be shown that reasonably intelligent men on reading the insurance contract would honestly differ as to its meaning. *O'Meara* v. *American States Insurance Co.* (1971), 148 Ind. App. 563, 268 N.E.2d 109; *United States Fidelity and Guaranty Co.* v. *Baugh* (1970), 146 Ind. App. 583, 257 N.E.2d 699; *Jeffries* v. *Stewart* (1974), 159 Ind. App. 701, 309 N.E.2d 448, The only reasonable interpretation of the garage liability policy in the present case, is that the sale of shotgun shells is not necessary or incidental to the use of the premises for the purpose of operating a garage. *See also: Davis* v. *Hartford Accident & Indemnity Company* (1965), 264 N.Y.S.2d 335, 48 Misc.2d 135; *Fidelity & Casualty Co. of New York* v. *Napleton Motor Sales, Inc.* (1972), 5 Ill. App.3d. 705, 284 N.E. 2d 26.

The homeowners policy contained certain exclusionary sections. Subsection 1(d) stated that the policy does not apply "to bodily injury or property damage arising out of *business pursuits* of any insured except activities therein which are ordinarily incident to non-business pursuits. . . ." (Emphasis added.)

The trial court found that Hitch's activity of reloading shotgun shells in his garage at home for later resale was merely a

"hobby conducted for his personal pleasure and enjoyment." We disagree. Since Hitch regularly reloaded the shells for later resale for profit to customers of his service station, this activity fell within the "business pursuits" exclusion in the homeowners policy.

That portion of the trial court's judgment holding Underwriters and Statesman liable upon their respective policies of insurance is contrary to law and, therefore, reversed.

The Decatur Insurance Agency contends that the trial court's finding that Decatur was negligent in the solicitation, application for, and issuance of the two policies is contrary to law.

The duty or standard of care generally required of an insurance agent has been defined as follows:

"A broker or agent who accepts an order to insure must not exceed his authority or depart from his instructions. He must exercise such reasonable skill and ordinary diligence as may fairly be expected from a person in his situation in doing what is necessary to effect a policy, and seeing that it effectually covers the property to be insured. . . ." 43 Am. Jur. 2d, *Insurance,* § 173, p. 229.

The trial court found that Doerflinger had undertaken to act as the general insurance agent of Hitch and that Hitch looked to Doerflinger as his insurance agent and adviser. The court found that Doerflinger was well acquainted with the interior of the service station and had visited the station once or twice a week for several years prior to writing the garage liability policy. The court further found that shotgun shells and rifles offered for sale at the station were openly displayed on the shelves behind the counter where Doerflinger could and in the exercise of reasonable care should have seen them. Moreover, the court found that Doerflinger had purchased a rifle from Hitch at the service station and resold the rifle to Hitch at the service station prior to the alleged accident of Clark and Kuhn. The court found that Doerflinger did not inquire into Hitch's insurance

needs in detail and asked no questions concerning the products offered for sale at the station. The court also found that the insurance companies involved in the present case had policies and coverages available which would have protected Hitch against liability claims of third persons under the circumstances of the case and that Doerflinger could have consulted with the companies as to applicable coverages had he fully inquired into the matters stated above. The court further found that Doerflinger had advised Hitch, by both oral and written assurances, that the policies would protect him against the claims of third parties in the event of bodily injury and suit against him.

These findings were based upon substantial evidence in the record and are sufficient to support the trial court's holding that Doerflinger was negligent.

The final question on appeal is whether Underwriters and Statesman are liable for the negligence of Doerflinger and the Decatur Insurance Agency. The trial court found that Doerflinger was acting as the agent of the insurers and that they were liable for his negligence, but Underwriters and Statesman contend that Doerflinger was conducting business as an insurance broker for whose negligence an insurance company is not liable.

As stated in 16 Appleman, Insurance Law & Practice § 8732 (1968),

"Generally, an agent representing several companies, or working through other agents is considered an insurance broker."

The evidence is uncontradicted that Doerflinger and the Decatur Insurance Agency sold policies of insurance, not only for Underwriters and Statesman, but for several other insurance companies. When Doerflinger applied for insurance on behalf of Hitch, he could have applied to any of several companies and, in fact, the initial garage liability and homeowners policies were written with other insurance com-

panies. Moreover, the agreement between the agency-company agreement provided as follows:

> "RELATIONSHIP. The relationship between the company and agent shall be that of independent contractor and contractee, and not that of employer and employee. The agent shall be free to exercise independent judgment as to the time and manner in which he may perform all usual and customary services authorized to be carried out under this agreement, but the company may from time to time prescribe rules and regulations with respect to the conduct of the business covered hereby, not interfering with such freedom of action of the agent, which rules and regulations the agent will conform to and observe."

Thus, the evidence established that Doerflinger was an independent insurance broker and not merely an agent of Underwriters or Statesman.

The general rule is that the negligence of a broker as opposed to an agent, is not imputed to the insurer.

> "An insurance broker can be considered an agent only for the purposes of delivering policies and collecting premiums thereon. The insurer would not be bound, ordinarily by the mistakes or negligence of a broker." 16 Appleman, Insurance Law & Practice § 8730 (1968); *See also: Taylor* v. *Crowe* (1971), 444 Pa. 471, 282 A.2d 682; *Kenilworth Ins. Co.* v. *Chamberlain* (1971), 131 Ill. App.2d 975, 269 N.E.2d 317; *Metropolitan Inter-Insurance Exchange* v. *Anthony* (1971), 1 Ill. App.3d 612, 275 N.E.2d 296.

Moreover, IC 1971, 27-1-15-1(d) (Burns Code Ed.) provides:

> "(d) The word "broker" . . . shall mean an individual co-partnership, or a corporation authorized by its charter or by law to do an insurance agency business, resident in any state, and not an officer or agent of the company interested, who or which for compensation acts or aids in any manner in obtaining insurance for a person other than himself, themselves or itself. . . . *An insurance broker is hereby declared to be the agent of the insured for all purposes in connection with such insurance.*" (Emphasis added.)

Since Doerflinger was acting on behalf of Hitch as an insurance broker, his negligence may not be imputed to the

insurance companies, and the trial court erred in holding Underwriters and Statesman liable for Doerflinger's negligence.

Reversed and remanded for proceedings not inconsistent with this opinion.

Lowdermilk and Lybrook, JJ., concur.

NOTE.—Reported at 349 N.E.2d 271.