**Mollissa R. GHEAE, Angeleeta L. Motley and Chardai N. Motley, a Minor by her Mother, Delores Motley, Appellant–Plaintiff,**

v.

**FOUNDERS INSURANCE COMPANY, Appellee–Defendant.**

No. 49A02–0603–CV–236.

Court of Appeals of Indiana.

Sept. 29, 2006.

Patrick H. Mulvany, Indianapolis, IN, Attorney for Appellant.

Michael K. Lulich, Michael K. Lulich & Associates Danville, IN, Attorney for Appellee.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

Mollissa R. Gheae, Angeleeta L. Motley ("Angeleeta"), and Chardai N. Motley (col-

lectively "Appellants") appeal from the trial court's order granting the motion of Founders Insurance Company for summary judgment on Appellants' complaint alleging breach of contract. We address a single dispositive issue, namely whether the Named Operator Exclusion in the automobile insurance policy issued by Founders to Gheae contravenes the Uninsured Motorist Act.[1]

We affirm.

## FACTS AND PROCEDURAL HISTORY

On November 28, 2000, Founders issued an automobile insurance policy ("the policy") to Gheae insuring her automobile. The policy provided, in relevant part, both liability and uninsured motorist coverage. Gheae also executed a Named Operator Exclusion, which provides:

In consideration of the continuation of this policy in force by [Founders], it is hereby agreed that, with respect to such insurance as is afforded under all coverages provided in the above mentioned policy, [Founders] shall not be liable for loss, damage, and/or liability caused while the automobile described in the policy or any other automobile to which the terms of the policy are extended, is being driven or operated by the following named Person: Angelettee [sic] Motley.

Appellant's App. at 46.

On May 6, 2003, Angeleeta was driving Gheae's vehicle with Gheae's permission. Gheae and Chardai were passengers in the

vehicle. At midnight, another vehicle ran a flashing red traffic signal and struck Gheae's vehicle as Angeleeta was proceeding through the intersection. The impact from the oncoming vehicle caused Appellants to sustain serious injuries, and Gheae's vehicle was declared a total loss. The driver of the other vehicle did not stop, and neither the driver nor the owner of that vehicle has been identified.[2]

Appellants filed claims under the uninsured motorist insurance provision of the policy for their injuries and for the loss of Gheae's vehicle. Founders denied the claims on the ground that the Named Operator Exclusion eliminated all coverage for the accident because Angeleeta was driving the vehicle at the time of the accident. Appellants then filed a breach of contract claim against Founders. Both parties filed motions for summary judgment.

After a hearing, the trial court denied Appellants' motion and granted summary judgment in favor of Founders. The trial court's order provided in relevant part:

## CONCLUSIONS OF LAW

1. The Named Operator Exclusion excludes uninsured motorist coverage for [Appellants'] claim under its terms.

2. The Named Operator Exclusion is unambiguous and, therefore, must be given its plain and ordinary meaning. *Mutual Sec. Life Ins. Co. v. Fidelity & Deposit Co. of Maryland,* 659 N.E.2d 1096, 1098 (Ind.Ct.App.1995)[,] *trans. denied.*

---

1. Appellants also ask us to determine whether Gheae's execution of the Named Operator Exclusion satisfies Indiana Code Section 27-7-5-2 and, therefore, is a valid rejection of uninsured motorist coverage. Because we conclude that the Act does not mandate coverage on the facts presented, we need not address the rejection issue.

2. The record shows that Janice White was identified as the record owner of the vehicle that struck Gheae's vehicle, but White swore in an affidavit that she had sold the vehicle in 2001.

3. Public policy favors enforcing contracts entered into freely and voluntarily by competent adults. *Jackson v. Jones,* 804 N.E.2d 155, 158 (Ind.Ct.App.2004).

4. The Indiana Uninsured Motorist Act does not require coverage for hit-and-run accidents. *Taylor v. American Underwriters, Inc.,* 352 N.E.2d 86, 90, 170 Ind.App. 148, 154 (1976). *See also Rice v. Meridian Ins. Co.,* 751 N.E.2d 685, 690 (Ind.Ct.App.2001).

5. Any uninsured motorist coverage provided by a policy beyond the requirements of the Act is a matter of contract law. *Indiana Ins. Co. v. Allis,* 628 N.E.2d 1251, 1254 (Ind.Ct.App.1994).

6. In this case, the Named Operator Exclusion does not violate the Uninsured Motorist Act and is not invalid.

7. There is no genuine dispute as to any material fact and Founders Insurance Company is entitled to Judgment as a matter of law.

Appellant's App. at 8–9. This appeal ensued.

## DISCUSSION AND DECISION

### Standard of Review

When reviewing summary judgment, this court views the same matters and issues that were before the trial court and follows the same process. *Estate of Taylor ex rel. Taylor v. Muncie Med. Investors, L.P.,* 727 N.E.2d 466, 469 (Ind.Ct.App.2000), *trans. denied.* We construe all facts and reasonable inferences to be drawn from those facts in favor of the non-moving party. *Jesse v. Am. Cmty. Mut. Ins. Co.,* 725 N.E.2d 420, 423 (Ind.Ct.App.2000), *trans. denied.* Summary judgment is appropriate when the designated evidence demonstrates that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. Ind. Trial Rule 56(C). The purpose of summary judgment is to terminate litigation about which there can be no material factual dispute and which can be resolved as a matter of law. *Zawistoski v. Gene B. Glick Co.,* 727 N.E.2d 790, 792 (Ind.Ct.App.2000). If the trial court's entry of summary judgment can be sustained on any theory or basis in the record, we must affirm. *Ledbetter v. Ball Mem'l Hosp.,* 724 N.E.2d 1113, 1116 (Ind.Ct.App. 2000), *trans. denied.*

### Violation of Uninsured Motorist Act

■ Appellants contend that the trial court erred when it granted summary judgment. In particular, they argue that the trial court erred when it found that the Named Operator Exclusion did not violate the Uninsured Motorist Act, Indiana Code Sections 27–7–5–1 through –6 ("the Act"). We cannot agree.

■ Interpreting an insurance policy involves the same rules of construction and interpretation as other contracts. *Jones v. State Farm Mut. Auto. Ins. Co.,* 635 N.E.2d 200, 201 (Ind.Ct.App.1994), *trans. denied.* Summary judgment is proper in this context if, as a matter of law, it is apparent that extrinsic evidence is unnecessary to ascertain the meaning of the policy. *Id.* If the terms of the insurance policy are clear and unambiguous, the language in the policy must be given its plain meaning. *Id.*

Uninsured motorist ("UM") coverage is mandated by Indiana Code Section 27–7–5–2, which provides in relevant part:

(a) The insurer shall make available, in each automobile liability or motor vehicle liability policy of insurance which is delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state, insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person and for injury to or destruction of prop-

erty to others arising from the ownership, maintenance, or use of a motor vehicle, or in a supplement to such a policy, the following types of coverage:

(1) in limits for bodily injury or death or for injury to or destruction of property not less than those set forth in IC 9–25–4–5 under policy provisions approved by the commissioner of insurance, for the protection of persons insured under the policy who are legally entitled to recover damages from owners or operators of uninsured or underinsured motor vehicles because of bodily injury, sickness or disease, including death, and for the protection of persons insured under the policy who are legally entitled to recover damages from owners or operators of uninsured motor vehicles for injury to or destruction of property resulting therefrom; or

(2) in limits for bodily injury or death not less than those set forth in IC 9–25–4–5 under policy provisions approved by the commissioner of insurance, for the protection of persons insured under the policy provisions who are legally entitled to recover damages from owners or operators of uninsured or underinsured motor vehicles because of bodily injury, sickness or disease, including death resulting therefrom.

In framing the first issue presented for review, Appellants focus on whether the Named Operator Exclusion violates Indiana Code Section 27–7–5–2. But that begs the question of whether UM coverage is required on these facts in any event. Thus, we must first determine whether Indiana Code Section 27–7–5–2 requires UM coverage on these facts.

■ The purpose of the UM Act " 'is to afford the same protection to a person injured by the uninsured motorist as he would have enjoyed if the offending motorist had himself carried liability insurance.' " *Rice v. Meridian Ins. Co.,* 751 N.E.2d 685, 690 (Ind.Ct.App.2001) (quoting *Indiana Ins. Co. v. Allis,* 628 N.E.2d 1251, 1253 (Ind.Ct.App.1994), *trans. denied* ), *trans. denied.*[3] "[I]f a person qualifies as an insured under the liability section of the policy, he must also qualify under the uninsured motorists section or the insurance contract violates public policy." *Smith v. Allstate Ins. Co.,* 681 N.E.2d 220, 222 (Ind. Ct.App.1997). But "[Indiana Code Section] 27–7–5–2 does not require insurance policies to cover any hit-and-run accidents . . . ." *Rice,* 751 N.E.2d at 690 (citing *Allied Fid. Ins. Co. v. Lamb,* 57 Ind. Dec. 36, 361 N.E.2d 174, 177–80 (Ind.Ct.App.1977)).

Here, Appellants allege that they sustained personal injuries and Gheae claims that she also suffered destruction of property as the result of a hit-and-run accident. But the Act does not require coverage for losses resulting from hit-and-run accidents. The UM provision in Gheae's policy, as a matter of law, does not provide coverage for the losses Appellants sustained from a hit-and-run driver. Thus, Appellants' claim that the Named Operator Exclusion violates the Act is without merit.

■ Even if the Act required coverage for hit-and-run accidents, Appellants still cannot prevail on their claim. As noted above, UM coverage is required only if the

---

**3.** Appellants argue that *Rice* and *Allis* are inapposite because they involve miss-and-run accidents, not hit-and-run accidents. But the rule applied from *Allis* and *Rice,* that the Act does not require UM coverage for hit-and-run accidents, is unaffected by the fact that those cases involved miss-and-run accidents. Instead, that rule derives from construction of Indiana Code Section 27–7–5–2.

claimant otherwise qualifies for liability coverage under the policy. *See* Ind.Code § 27–7–5–2; *Greenfield v. Allstate Pers. Prop. & Cas.,* 806 N.E.2d 856, 860 (Ind.Ct. App.2004), *trans. denied.* Insurance companies are free to limit their liability, so long as they do so in a manner consistent with public policy as reflected by case or statutory law. *Allstate Ins. Co. v. Hammond,* 759 N.E.2d 1162, 1167 (Ind.Ct.App. 2001). Here, the Named Operator Exclusion eliminates both liability coverage and UM coverage for losses that arise when Angeleeta is driving. Because the Exclusion is a categorical exclusion of coverage that eliminates liability coverage in the event of any loss incurred when Angeleeta is driving, the Act does not require UM coverage. On that separate and independent basis, Appellant's claim that the Named Operator Exclusion violates the Act also fails.

We conclude that the Named Operator Exclusion in Gheae's policy does not contravene the Uninsured Motorist Act. The Act does not require UM coverage here because the losses arose as the result of a hit-and-run accident. Moreover, application of the Named Operator Exclusion eliminates liability coverage under the policy and, as a result, UM coverage is not required under the Act. Because the Act does not mandate UM coverage on the facts presented, Appellants' claim that the Named Operator Exclusion violates the Act is without merit. Thus, we hold that the trial court did not err when it granted summary judgment in favor of Founders.

Affirmed.

FRIEDLANDER, J., and DARDEN, J., concur.