Jeffrey DELAPLANE & American Family Insurance, Appellants–Defendants,

v.

Donald W. FRANCIS, Sr., Donald W. Francis, Jr., Kimberly Francis, Donna Kay Garner, Jon V. Garner, Thomas Dann and Estate of Kay Francis, Appellees–Plaintiffs.

No. 28A01–9312–CV–384.

Court of Appeals of Indiana, First District.

June 23, 1994.

Transfer Denied Nov. 9, 1994.

James L. Whitlatch, Margaret M. Frisbie, Bunger & Robertson, Bloomington, for appellants.

Peter L. Obremskey, Parr, Richey, Obremskey & Morton, Lebanon, Thomas M. McDonald, McDonald & Koch, Bloomington, for appellees.

BAKER, Judge.

Appellant-defendants Jeffrey Delaplane and American Family Insurance (collectively "American Family") contest the trial court's denial of their motion for partial summary judgment and grant of appellee-plaintiffs' Donald W. Francis, Sr., Donald W. Francis, Jr., Kimberly Francis, Donna Kay Garner, Jon V. Garner, Thomas Dann, and Estate of Kay Francis (collectively "Francis") cross-motion for partial summary judgment. American Family asks this court to reverse the trial court's holding that the reduction clause in American Family's Underinsured Motorists Coverage (UIM) Endorsement means that amounts paid or payable to Francis from other legally liable parties should be deducted from Francis' total bodily injury damages rather than from the policy's coverage limits.

## FACTS

On August 28, 1987, the Francis van, in which the appellees were the driver and passengers, was involved in an automobile accident. Francis sued the driver of the other vehicle, the manufacturer and retail seller of the van, and the state of Indiana. Francis received an aggregate amount of $272,000 for bodily injury damages arising from the accident. At the time of the accident, the Francis van was insured by American Family. Although the insurance policy did not include coverage for bodily injuries received in an accident with an underinsured motorist, the

parties dispute whether such coverage should have been issued. However, in this appeal we are concerned only with each parties' summary judgment motions regarding the issue of American Family's potential maximum liability.[1]

American Family moved for partial summary judgment asking the court to interpret the "reduction clause" in its UIM Endorsement, which would apply if a full coverage insurance policy is determined to have been issued, to limit Francis' right of recovery to amounts received from others less the insurance coverage afforded. In other words, American Family asserts that their maximum liability should be $28,000: the policy limit of $300,000 less $272,000 of damages Francis already recovered from others. Francis filed a cross-motion for partial summary judgment urging an alternate interpretation of the reduction clause. According to Francis, the amount paid by other legally liable parties should be subtracted from the total bodily injury damages to which Francis is legally entitled to recover. Francis contends that American Family's maximum potential liability should be $300,000, regardless of the $272,000 of damages received from others. The parties base their positions on the following provisions of the UIM Endorsement:

### UNDERINSURED MOTORISTS (UIM) COVERAGE ENDORSEMENT

We will pay compensatory damages for bodily injury which an insured person is legally entitled to recover from the owner or operator of an underinsured motor vehicle.

.        .        .        .        .

### ADDITIONAL DEFINITIONS USED IN THIS ENDORSEMENT ONLY

.        .        .        .        .

3. Underinsured motor vehicle means a motor vehicle which is insured by a liability bond or policy at the time of the accident which provides bodily injury liability

---

1. American Family's UIM maximum coverage limits are $100,000 per person and $300,000 per

accident.

limits less than the damages an insured person is legally entitled to recover.

. . . . .

## LIMITS OF LIABILITY

The limits of liability shown in the declarations apply, subject to the following:

1. The limit for each person is the maximum for bodily injury sustained by one person in any one accident.

2. Subject to the limit for each person, the limit for each accident is the maximum for bodily injury sustained by two or more persons in any one accident.

We will pay no more than these maximums no matter how many vehicles are described in the declarations, insured persons, claims, claimants or policies or vehicles are involved in the accident.

Any amounts payable will be reduced by:

1. A payment made or amount payable by or on behalf of any person or organization which may be legally liable, or under any collectible auto liability insurance, for loss caused by an accident with an underinsured motor vehicle.

The trial court denied American Family's motion and granted Francis' motion for partial summary judgment finding that the amount paid by other liable persons should be deducted from Francis' total damages for bodily injury.

## *DISCUSSION AND DECISION*

Summary judgment is appropriate only when the evidentiary matter designated to the trial court shows no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. *Tucher v. Brothers Auto Salvage Yard, Inc.* (1991), Ind.App., 564 N.E.2d 560, 562, *trans. denied*; Ind.Trial Rule 56(C). We review the propriety of a ruling on a motion for summary judgment by applying the same standards as the trial court. *Id.* All the evidence designated to the trial court is viewed in the light most favorable to the nonmovant. *Id.* A genuine issue of material fact exists where facts concerning an issue which would dispose of litigation are in dispute or where the undisputed facts are capable of supporting conflicting inferences on

such an issue. *Schwartz v. Castleton Christian Church, Inc.* (1992), Ind.App., 594 N.E.2d 473, 475, *trans. denied.*

American Family asserts that there is no genuine issue of material fact regarding its maximum liability because the policy provisions lead to only one interpretation, that payments received from others are to be deducted from the insurance policy coverage limit.

■ The provisions of an insurance contract are subject to the same rules of construction as other contracts, and construction of a written contract is a question of law for which summary judgment is particularly appropriate. *Selleck v. Westfield Ins.* (1993), Ind.App., 617 N.E.2d 968, 970, *trans. denied.* Insurers are free to limit coverage; however, all exceptions, limitations, and exclusions must be plainly expressed. *Allstate v. United Farm Bureau Mut. Ins. Co.* (1993), Ind. App., 618 N.E.2d 31, 33. If an exclusion or limitation is not clearly expressed, any doubts will be construed against the contract drafter. *Id.* If insurance policy language is clear and unambiguous, it should be given its plain and ordinary meaning. *Lexington Ins. Co. v. American Healthcare Providers* (1993), Ind.App., 621 N.E.2d 332, 335. If there is an ambiguity, the policy should be interpreted most favorably to the insured. *Miller v. Dilts* (1984), Ind., 463 N.E.2d 257, 265. It is only where a contract is ambiguous and its interpretation requires extrinsic evidence that the fact-finder must determine the facts upon which the contract rests. *Kordick v. Merchants Nat'l Bank & Trust Co.* (1986), Ind.App., 496 N.E.2d 119, 125.

■ In the instant case, the controversy focuses on the section of the policy entitled "Limits of liability," which provides in pertinent part that "Any amounts payable will be reduced by: (1) A payment made or amount payable by or on behalf of any person ... which may be legally liable ... for loss caused by an accident with an underinsured motor vehicle." The parties dispute the meaning of "amounts payable," a phrase not expressly defined in the policy.

American Family asserts that "amounts payable" unambiguously refers to the policy's

coverage limit, and thus, that limit must be reduced by the amounts paid by others. Francis argues, and the trial court agreed, that because the term was ambiguous, it must be construed against American Family to refer to Francis' bodily injury damages. Therefore, the court held the policy provides underinsured motorist coverage to the extent damages exceed the amount other liable persons have paid.

American Family contends that the trial court erred in applying *Tate v. Secura Ins. Co.* (1992), Ind., 587 N.E.2d 665, to the present case. In *Tate,* the same question was presented to the Indiana Supreme Court: whether an insurance company's reduction clause in its UIM provisions should be interpreted to offset damages from other parties against the UIM coverage limits, or against the insured's excess damages. The following policy provisions were considered significant and excerpted in *Tate:* [2]

### COVERAGE C–2 UNDERINSURED MOTORISTS COVERAGE

We will pay damages which an *insured person* is legally entitled to recover from the owner or operator of an *underinsured motor vehicle* because of *bodily injury* sustained by an *insured person* and caused by an accident.

.    .    .    .    .

3. *"Underinsured motor vehicle"* means a land motor vehicle or trailer, which is insured by a liability policy or bond at the time of the accident which provides *bodily injury* liability limits less than the amount of total damages an *insured person* is legally entitled to recover but which are uncompensated because the damages exceed those limits.

.    .    .    .    .

D. Reductions in the Amount Payable Amounts payable will be reduced by:

1. Amounts paid because of the *bodily injury* by, or on behalf of, persons or

organizations who may be legally responsible.

*Tate,* 587 N.E.2d at 667. The Supreme Court found that the reduction clause was ambiguous and bound Secura by the plain and ordinary meaning of its words as viewed from the standpoint of the insured. *Id.* at 668. It held that the reduction clause reduced the insured's damages, not the coverage limit, by amounts paid by or on behalf of other liable persons. *Id.*

American Family distinguishes *Tate* by pointing out that the *Tate* provision was not located in a separate section of the policy entitled "Limits of liability" and this caused it to be ambiguous. In contrast, American Family's reduction clause is placed under the limits of liability section. Therefore, the argument continues, this clause is not ambiguous. We disagree.

We find that the language of the American Family policy is similar to the ambiguous language in *Tate.* The fact that American Family's reduction clause is located in a separate section of the policy entitled "Limits of Liability" is not dispositive and does not render the contract unambiguous. *See Allstate,* 618 N.E.2d at 33 (in determining the amount due for loss under an insurance policy, the true meaning of the contract must be ascertained from all of its provisions, and not from the literal or technical construction of an isolated or special clause). Furthermore, American Family's argument that this case should be determined under *American Economy Ins. Co. v. Motorists Mut. Ins. Co.* (1992), Ind., 605 N.E.2d 162, is not supported.[3] The language of the *American Economy* policy differs from that of the American Family contract. *See id.* at 164 (policy language).

We conclude that the plain meaning of the phrase "amounts payable" refers to the amount of Francis' total bodily damages, not the coverage limit, which is to be reduced by the amount paid to Francis by other legally

---

**2.** The emphasized words within the insurance policy passages quoted here and in the *Tate* opinion were underlined to designate terms expressly defined in the Secura insurance contract.

**3.** American Family also relies on an unpublished appellate decision. Unpublished opinions are not proper authority to be cited before any court. Ind.Appellate Rule 15(A)(3).

liable persons.[4] Thus, American Family's maximum potential liability is for Francis' total bodily injury damages up to the $300,000 policy limit. The trial court was correct in granting Francis' partial summary judgment motion.

Judgment affirmed.

ROBERTSON and RUCKER, JJ., concur.

---

4. American Family's contention that Indiana public policy supports interpreting the reduction clause as an offset against coverage limits, and not total damages, lacks merit. There is no authority stating that Indiana insurance policies are to provide "gap coverage" as opposed to "excess coverage".