**GRAIN DEALERS MUTUAL INSURANCE COMPANY,**
Appellant–Defendant,

v.

**Sally J. WUETHRICH and Timothy J. Wuethrich, Appellees–Plaintiffs.**

No. 66A04–9902–CV–70.

Court of Appeals of Indiana.

Sept. 27, 1999.

Julia Blackwell Gelinas, Kevin C. Schiferl, Dean R. Brackenridge, Locke Reynolds Boyd & Weisell, Indianapolis, Indiana, Attorneys for Appellant.

Roger Wm. Bennett, Brent E. Clary, Bennett, Boehning & Clary, Lafayette, Indiana, Attorneys for Appellees.

## OPINION

BAKER, Judge

Appellant-defendant Grain Dealers Mutual Insurance Company (Grain Dealers) appeals the trial court's judgment entered in favor of Sally J. Wuethrich and Timothy J. Wuethrich (collectively, the Wuethrichs) regarding a claim for uninsured/underinsured (UIM) coverage under an automobile insurance policy that Grain Dealers had issued to the Wuethrichs. Specifically, Grain Dealers contends that the trial court erred in determining that it was not entitled to a set-off for the amounts that the Wuethrichs received in settlement proceeds from other tort-feasors with respect to an automobile accident that resulted in injury to Sally. Thus, Grain Dealers maintains that it had no obligation to pay the Wuethrichs any additional UIM benefits under the insurance policy.

*FACTS*

On November 18, 1993, Sally was driving her automobile in Pulaski County. At one point, she stopped in a line of traffic as a result of construction and roadwork. Michael Bartelmann approached in his vehicle and collided with Sally's automobile. As a result of the accident, Sally sustained severe physical injuries.

On November 17, 1995, the Wuethrichs filed their complaint against Bartelmann, Bucko Construction Company, Inc. (Bucko), the State of Indiana and Grain Dealers, seeking damages which resulted from the accident. Specifically, the Wuethrichs alleged that Bartelmann operated his automobile in a negligent manner, that Bucko was negligent in its control of traffic flow and the placement of signage at the collision site, and that the State negligently maintained the construction project for failing to adequately warn drivers of the construction site hazards. R. at 8–12. The Wuethrichs ultimately settled with Bartelmann, whereupon his insurance carrier paid the "per person" policy limits of $25,000. Sally also settled her claim against Bucko for $150,000 and with the State for one dollar.

At the time of the accident, the Wuethrichs owned an automobile insurance policy with Grain Dealers. The policy provided for UIM coverage with per person, per incident liability limits in the amount of $100,000. The Wuethrichs and Grain Dealers stipulated that Sally's injuries exceeded Bartelmann's $25,000 policy limits as well as Sally's $100,000 UIM limits under her policy.

In March, 1994, Grain Dealers advanced $25,000 to the Wuethrichs and retained a right of subrogation against Bartelmann for that amount. Bartelmann's insurer ultimately paid $25,000 to the Wuethrichs, whereupon Grain Dealers waived its right of subrogation.[1] The Wuethrichs ultimate-

---

1. While Grain Dealers may have acted inconsistently with the terms of the insurance poli-

cy when choosing to waive its right of subrogation to the amount that the Bartelmann's

ly received a total of $50,000 from or on behalf of Bartelmann and Grain Dealers as payment for Sally's bodily injuries.

On December 19, 1997, the Wuethrichs and Grain Dealers filed a "Joint Stipulation Of Facts." R. at 252. The parties agreed that if Grain Dealers was entitled to a credit for the $150,001 the Wuethrichs received from Bucko and the State, with such credit to be applied to reduce the amounts otherwise payable to Sally as UIM benefits under the Grain Dealers policy, then the Wuethrichs could not recover additional amounts from Grain Dealers. R. at 253–54. The parties also agreed that if Grain Dealers was not permitted to reduce Sally's $100,000 policy limits by the settlement amount that the Wuethrichs received from Bucko and the State, then Grain Dealers is obligated to pay the Wuethrichs an additional $50,000 beyond the amount that they had already received.

On January 8, 1998, Grain Dealers filed a memorandum in support of its claim for a set-off, alleging that the plain language of the insurance policy limited its UIM liability. As a result, Grain Dealers asserted that it was entitled to a credit against the policy's $100,000 per person limits for the amounts paid to the Wuethrichs by Bartelmann, Bucko and the State.

Following a hearing which was conducted on January 11, 1999, the trial court entered judgment for the Wuethrichs and determined that Grain Dealers was liable to the Wuethrichs for an additional $50,000 under the UIM provision of the policy. Grain Dealers now appeals.

### DISCUSSION AND DECISION

#### I.  Standard Of Review

■ We initially observe that the trial court granted judgment on summary proceedings based upon facts stipulated by the parties. Thus, this court's review of the trial court's decision is *de novo*. *Estate of Payne v. Grant County Court*, 508

insurer paid to the Wuethrichs, neither party

N.E.2d 1331, 1333 (Ind.Ct.App.1987), *trans. denied.* Where stipulated facts are presented to the court for resolution, no presumption in favor of the trial court exists on appeal, inasmuch as this court is in as good a position as the trial court to apply the facts to the determination. *Id.*

■ Additionally, we note that the interpretation of an insurance policy, as with other contracts, is generally a question of law for the courts to decide. *Tate v. Secura Ins. Co.*, 587 N.E.2d 665, 668 (Ind.1992). Where an insurance policy is clear and unambiguous, it should be given its plain and ordinary meaning. *Id.* A contract is not ambiguous merely because a controversy exists and one party's interpretation is contrary to that asserted by the opposing party. *Sharp v. Indiana Union Mut. Ins. Co.*, 526 N.E.2d 237, 239 (Ind.Ct.App. 1988), *trans. denied.* It is only where a contract is ambiguous and its interpretation requires extrinsic evidence that the fact-finder must determine the facts upon which the contract rests. *Kordick v. Merchants Nat'l Bank & Trust Co.*, 496 N.E.2d 119, 125 (Ind.Ct.App.1986).

#### II.  Grain Dealers' Claims

To resolve Grain Dealers' contention that it is entitled to receive a credit for the amount that the Wuethrichs received in the settlement, we first note the relevant provisions of the insurance policy:

UNINSURED/UNDERINSURED MOTORISTS COVERAGE—INDIANA

Part C  Uninsured Motorists Coverage is replaced by the following

. . .

INSURING AGREEMENT

A.  We will pay compensatory damages which an "insured" is legally entitled to recover from the owner or operator of an:

1.  'Uninsured motor vehicle' or 'underinsured motor vehicle' because of 'bodily injury':

has raised this issue.

a. Sustained by an 'insured'; and

b. Caused by an accident;

D. 'Underinsured motor vehicle' means a land motor vehicle or trailer of any type for which the sum of the limits of liability under all bodily injury liability bonds or policies applicable at the time of the accident is

. . .

1. Less than the limit of liability for this coverage;

. . .

LIMIT OF LIABILITY

. . .

B. *The limit of liability shall be reduced by all sums paid because of the 'bodily injury' or 'property damage' by or on behalf of persons or organizations who may be legally responsible.* This includes all sums paid under Part A of this policy.

. . .

DEFINITIONS

. . .

D. 'Bodily injury' means bodily harm, sickness or disease, including death that results.

Record at 204, 221–23 (emphasis supplied).

As set forth above, the plain language of the policy provides that Grain Dealers' liability limit "shall be reduced by *all sums* paid because of . . . 'bodily injury' . . . by or on behalf of persons or organizations who may be legally responsible." R. at 223. (Emphasis supplied). Here, the Wuethrichs do not dispute that both Bucko and the State are parties who may be legally responsible for Sally's damages. Thus, Grain Dealers maintains that its liability for payment under this section must be reduced under the policy terms. Moreover, Grain Dealers asserts that our uninsured motorist statute set forth in IND.

CODE § 27–7–5–1 *et. seq.,* compels such a result.

The "limitations on coverage" section under the statute provides in relevant part that:

(c) The maximum amount payable for *bodily injury* under uninsured or underinsured motorist coverage is the *lesser* of:

(1) the difference between:

(A) *the amount paid in damages to the insured by or for any person or organization who may be liable for the insured's bodily injury;* and

(B) the per person limit of uninsured or underinsured motorist coverage provided in the insured's policy; or

(2) the difference between:

(A) the total amount of damages incurred by the insured; and

(B) the amount paid by or for any person or organization liable for the insured's bodily injury.

I.C. § 27–7–5–5 (emphasis supplied).

██ Contrary to the Wuethrichs' argument that they are entitled to additional proceeds under the Grain Dealers policy, we note that the statute neither expressly nor impliedly limits the set-off of amounts recovered only from "motorist tortfeasors." *See* Appellee's Brief at 6–8. Moreover, the Grain Dealers policy contains no such limitation. Rather, the plain language of the policy allows for the reduction of Grain Dealers' liability for UIM benefits by *"all sums "* paid. R. at 221–23. Thus, when considering the terms of the policy with the relevant provision of the uninsured motorist statute, Grain Dealers is entitled to a set-off of its UIM liability for the $150,001 that the Wuethrichs have already been paid in settlement of their claims against Bucko and the State.

While we have not been squarely presented with this issue on a prior occasion, support for such a conclusion is found in *Medley v. American Economy Ins. Co.,* 654 N.E.2d 313 (Ind.Ct.App.1995), *trans. denied.* There, we observed that set-off

language in an insurance policy stating that "the limit of liability will be reduced by all sums paid" is unambiguous and should be interpreted to provide for a reduction from the policy limits. *Id.* at 316. Additionally, in *Delaplane v. Francis,* 636 N.E.2d 169 (Ind.Ct.App.1994), *trans. denied,* the set-off clause in an insurance policy provided that "any amounts payable will be reduced by: (1) A payment made or amount payable by or on behalf of any person or organization which may be legally liable ... for loss caused by an accident with an underinsured motor vehicle." *Id.* at 171. In *Delaplane,* we noted that the phrase "person or organization which may be legally liable" necessarily includes nonmotorist tortfeasors, such as the State of Indiana which paid damages to the injured insureds for bodily injuries sustained in an accident. *Id.*[2]

Notwithstanding our prior decisions and the language contained in the Grain Dealers policy, the Wuethrichs maintain that our supreme court's holding in *United Nat'l Ins. Co. v. DePrizio,* 705 N.E.2d 455 (Ind.1999), commands a different result here. We note, however that the *DePrizio* court was not called upon to construe the set-off provision contained in the UIM statute. Rather, the issue presented in that case was whether the UIM provisions were applicable to "umbrella" liability insurance policies in accordance with I.C. § 27–7–5–2. This particular provision of the UIM statute mandates that insurers provide uninsured/underinsured coverage:

> in each automobile liability or motor vehicle liability policy ... insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person and for injury to or destruction of property to others arising from the ownership, maintenance, or use of a motor vehicle....

*Id.* at 461. Applying this statute, the *DePrizio* court determined that an umbrella liability policy that does not provide for UIM coverage by its own terms, yet provides coverage for liability arising from the ownership maintenance or use of motor vehicles, is an "automobile liability policy or motor vehicle liability policy" within the meaning of the statute quoted above. *Id.* at 464. Thus, the court concluded that the statute requires such a policy to provide uninsured and underinsured motorist coverage. As our supreme court construed a portion of the uninsured motorist statute that is not before us today, we find *DePrizio* inapplicable to the circumstances presented here.

## CONCLUSION

In light of our discussion above, we conclude that neither the Grain Dealers policy nor the uninsured motorist statute limits the amount that may be credited to Grain Dealers or "set-off" as a result of settlement payments made to the Wuethrichs from the other tortfeasors. Thus, the trial court erred in entering judgment in favor of the Wuethrichs, and Grain Dealers is not obligated to pay the Wuethrichs additional UIM benefits under the policy.

Judgment reversed and remanded with instructions that the trial court enter judgment for Grain Dealers.

SHARPNACK, C.J., and MATTINGLY, J., concur.

---

**2.** We note that our holding in *Delaplane* turned upon other language set forth in the insurance contract. Specifically, we found that the "amounts payable" language referred to the amount of total damages and not the

coverage limit. *Id.* at 172–73. Thus, the amount that was payable under the policy reduced the insureds' higher damage amount and not the liability limit, by the amounts that other tortfeasors had paid. *See id.*