**Jeffrey L. MONAR, Appellant–Plaintiff,**

v.

**John R. HURT, Appellee–Defendant.**

**No. 82A01–0211–CV–429.**

Court of Appeals of Indiana.

July 15, 2003.

John A. Hargis, Wagoner, Ayer & Hargis, Rockport, IN, Attorney for Appellant.

Michael C. Keating, Keating, Bumb, Vowels, Laplante & Kent, P.C., Evansville, IN, Attorney for Appellee.

## OPINION

BROOK, Chief Judge.

### Case Summary

Appellant-plaintiff Jeffrey L. Monar appeals the trial court's grant of partial summary judgment in favor of appellee-defendant John R. Hurt. We affirm.

### Issue

Monar raises two issues for review, which we consolidate and restate as whether the trial court erred in granting partial summary judgment in Hurt's favor.

### Facts and Procedural History

The facts most favorable to Monar as the non-moving party indicate that in approximately 1985, Monar and Hurt entered into an oral partnership to purchase, operate, and service amusement machines. Under the agreement, Monar and Hurt placed the machines in bars and taverns and equally split the partnership's net profits. Monar and Hurt jointly owned, operated, and repaired all machines. The machines included billiard tables, pinball machines, jukeboxes, electronic poker machines, and video slot machines.

The electronic poker machines and video slot machines awarded credits for winning plays. Successful players could then exchange their credits for cash. Hurt collected the revenues from these machines. Both Monar and Hurt acknowledge that their partnership activities involving these machines were illegal. *See* Ind.Code § 35–45–5–4(a) (providing that "a person who: (1) knowingly or intentionally owns, manufactures, possesses, buys, sells, rents, leases, repairs, or transports a gambling device, or offers or solicits an interest in a gambling device ... commits promoting professional gambling, a Class D felony"); Ind.Code § 35–45–5–1 (defining gambling device in relevant part as "(1) a mechanism by the operation of which a right to money or other property may be credited, in return for consideration, as the result of the operation of an element of chance; (2) a mechanism that, when operated for a consideration, does not return the same value

or property for the same consideration upon each operation").

On October 10, 2001, Monar filed an amended complaint alleging that Hurt converted profits and property of the partnership, and seeking an accounting of the partnership. On May 8, 2002, Hurt filed a motion seeking partial summary judgment on Monar's complaint "as it relates to profits derived from or the ownership of gambling devices." Appellee's App. at 1. On September 16, 2002, the trial court granted Hurt's motion in an order reading in relevant part as follows: "[Hurt] is entitled to partial summary judgment in his favor on each count of [Monar's] complaint to the extent that each count requests relief regarding video poker and slot machines, income derived from such machines, or an accounting of the revenue and profits derived from such machines." Appellant's App. at 13. On December 23, 2002, we accepted jurisdiction of Monar's interlocutory appeal.

## Discussion and Decision

Monar contends that the trial court erred in granting partial summary judgment. Our standard of review for summary judgment is well settled:

> Summary judgment is appropriate only where the evidence shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C). All facts and reasonable inferences drawn from those facts are construed in favor of the nonmoving party. Review of a summary judgment motion is limited to those materials designated to the trial court. We must carefully review a decision on a summary judgment motion to ensure that a party was not improperly denied its day in court. Additionally, when material facts are not in dispute,

our review is limited to determining whether the trial court correctly applied the law to the undisputed facts. When there are no disputed facts with regard to a motion for summary judgment and the question presented is a pure question of law, we review the matter de novo.

*Bennett v. CrownLife Ins. Co.,* 776 N.E.2d 1264, 1268 (Ind.Ct.App.2002) (some citations and quotation marks omitted).

 Monar argues that the partnership's purpose, namely the operation of amusement machines for profit, was not against public policy and that he therefore may recover his share of converted profits and property from the partnership regardless of their nature. *See Cont'l Basketball Ass'n v. Ellenstein Enter.,* 669 N.E.2d 134, 140 (Ind.1996) (applying five-part test to determine whether private agreement was unenforceable as against public policy). In the instant case, however, the validity of the partnership's purpose is not at issue. The dispositive issue is whether the partnership's profits and property relating to the gambling devices are illegal:

> It is a general rule that courts will not aid either party to an illegal agreement where a partnership is formed for the prosecution of an illegal business or for the conduct of a lawful business in an illegal manner and will not lend their aid to assist either party thereto in an action against the other. *There can, accordingly, be no accounting demanded of an alleged partner for the profits which may be in his hands where a partnership is formed for an unlawful purpose or engages in an unlawful transaction. It is fundamental that no principle of law is more clearly established than that the law will not enforce an illegal transaction.*

*Searles v. Haynes,* 126 Ind.App. 626, 634, 129 N.E.2d 362, 366 (1955) (emphasis added; citations omitted). As both the ownership of and the profits from the electronic poker and video slot machines were illegal under Indiana Code Section 35–45–5–4, any accounting of the partnership may not include the value of or the profits from those machines.

Affirmed.

NAJAM, J., and BAILEY, J., concur.