Bernard W. HOPPER and Rettie Hopper, Appellants– Plaintiffs,

v.

Roy CAREY and Continental Western Insurance Co., Appellees– Defendants.

No. 72A01–0308–CV–315.

Court of Appeals of Indiana.

June 25, 2004.

David V. Scott, New Albany, IN, Attorney for Appellant.

Edward J. Liptak, Jeremy M. Dilts, Bloomington, IN, Attorneys for Appellee.

## OPINION

RATLIFF, Senior Judge.

### STATEMENT OF THE CASE

Plaintiffs–Appellants Bernard W. Hopper and Rettie Hopper ("the Hoppers") appeal from the trial court's order granting summary judgment in favor of Defendant–Appellee Continental Western Insurance Company ("Continental").

We affirm.

### ISSUE

The parties present the following restated issue for our review: Whether the trial court correctly granted summary judgment in favor of Continental on the issue of the application of the set-off provision in the insurance contract regarding

underinsured motorist benefits, and whether that order also extinguished a bad faith claim against Continental.

## FACTS AND PROCEDURAL HISTORY

On December 21, 1994, Hopper, a volunteer firefighter, was driving a Johnson Township fire apparatus tank truck in Scott County when a vehicle operated by Roy Carey ("Carey") approached from the opposite direction. The truck operated by Hopper and insured by Continental went off the side of the road and overturned after passing Carey's vehicle. Hopper sustained serious and permanent injuries.

On December 27, 1995, the Hoppers filed an amended complaint against Carey, for negligent driving, the Scott County Highway Department and Lucas Brothers, Inc., for negligent road paving, S & S Fire Apparatus ("S & S"), for negligent design of the fire truck, and Continental, for coverage as the underinsured motorist coverage carrier of the Johnson Township Fire Department. The Hoppers alleged that Continental's insurance policy was applicable to the Hoppers' damages because Carey and Scott County constituted uninsured/underinsured motorists under that policy.

Scott County was dismissed as a party on December 4, 2001. Lucas Brothers was dismissed from the cause of action on November 1, 2001. On December 9, 2002, the Hoppers filed a stipulation of dismissal of their claims against S & S. The Hoppers entered into a settlement agreement with S & S for $750,000.00. The remaining defendants were Carey and Continental.

The uninsured/underinsured motorist provision of Continental's insurance policy under which Hopper was covered provided for $500,000.00 in benefits. On March 19, 2003, Continental moved for summary judgment alleging that it was not liable to the Hoppers under the policy for any underinsured motorist coverage because of its entitlement to set-off the Hoppers' recovery from S & S.

The Hoppers responded to the motion for summary judgment by asserting that they were alleging bad faith regarding Continental's handling of the claim. On May 27, 2003, Continental filed a motion to strike portions of the Hoppers' response. Continental filed a reply memorandum supporting summary judgment in which it alleged that the Hoppers had never pleaded a claim for bad faith, and alleged, in the alternative, that had such a claim been pleaded, there was no genuine issue of material fact regarding Continental's good faith. On July 14, 2003, the Hoppers filed their response to Continental's motion to strike. On that same date, the Hoppers also filed their motion for leave to amend their complaint against Continental.

A hearing was held on the motion for summary judgment on July 14, 2003. On July 21, 2003, the trial court granted Continental's motion for summary judgment. On July 22, 2003, Continental filed its objection to the Hoppers' motion for leave to amend the complaint. There were no rulings made on Continental's motion to strike or the Hoppers' motion for leave to amend their complaint prior to the filing of this appeal.[1]

1. Continental has filed with this court a Motion To Strike or, Alternatively, For Leave To File A Rebuttal Brief. The Hoppers have filed with this court Appellants' Response To Appellee, Continental Western Insurance Co's Motion To Strike or In The Alternative File a Rebuttal Brief. Because of our determination of the issues on appeal, Continental's Motion is denied. Consequently, the Hoppers' Response and any relief requested therein is moot.

## STANDARD OF REVIEW

Our standard of review for summary judgment is well settled. Summary judgment is appropriate only where the evidence shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C). All facts and reasonable inferences drawn from those facts are construed in favor of the nonmoving party. *Monar v. Hurt*, 791 N.E.2d 280, 282 (Ind.Ct.App.2003). Review of a summary judgment motion is limited to those materials designated to the trial court. *Id.* We must carefully review a decision on a summary judgment motion to ensure that a party was not improperly denied its day in court. *Id.* Additionally, when material facts are not in dispute, our review is limited to determining whether the trial court correctly applied the law to the undisputed facts. *Id.* When there are no disputed facts with regard to a motion for summary judgment and the question presented is a pure question of law, we review the matter de novo. *Id.*

A contract for insurance is subject to the same rules of interpretation as other contracts. *American Family Life Assurance Co. v. Russell*, 700 N.E.2d 1174, 1177 (Ind. Ct.App.1998). The interpretation is primarily a question of law for the court, and it is therefore a question which is particularly well-suited for disposition by summary judgment. *Id.* Although ambiguities are construed in favor of the insured, clear and unambiguous policy language must be given its plain and ordinary meaning. *Id.*

## DISCUSSION AND DECISION

Continental relied upon the pleadings, the insurance contract between Continental and the Johnson Township Fire Department, the affidavit of Darla Brown, counsel for S & S, and the attached copy of the settlement agreement between the Hoppers and S & S, and Continental's memorandum of law in support of summary judgment. The Hoppers relied upon the deposition of Michael P. Scott ("Scott"), and Continental's Response to Plaintiffs' Request for Admissions. Continental filed a Reply of Continental Western Insurance Company in Further Support of its Motion for Summary Judgment. In that reply, Continental referred to the depositions of Hopper, Roger Carey, Carey's passenger, Carey, Robert A Ferguson, Jr., a passenger in Hopper's vehicle, and Mark Strange, the Indiana State Trooper who investigated the accident.

The only paragraph in the Hoppers' amended complaint expressing a theory of liability against Continental reads as follows:

14. Defendant, Continental's, insurance policy is applicable to payment of plaintiffs' damages because defendants, Carey and Scott Co., constitute uninsured/underinsured motorists under the policy.

Appellant's App. p. 40. Continental argued that under the holding of *Grain Dealers Mut. Ins. Co. v. Wuethrich*, 716 N.E.2d 596 (Ind.Ct.App.1999), Continental was not liable for any uninsured/underinsured motorist ("UIM") coverage because of the Hoppers' recovery from S & S.

■ The UIM coverage provision in Continental's policy with the Johnson Township Fire Department reads in relevant part as follows:

A. COVERAGE

1. We will pay all sums the "insured" is legally entitled to recover as compensatory damages from the owner or driver of an "uninsured motor vehicle" or an "underinsured motor vehicle."

\* \* \*

D. LIMIT OF INSURANCE

\* \* \*

2.  The Limit of insurance under this coverage shall be reduced by all sums paid or payable by or for anyone who is legally responsible, including all sums paid under this Coverage Form's LIABILITY COVERAGE.

Appellant's App. p. 220–221. This endorsement provided up to $500,000.00 in coverage per accident.

In *Grain Dealers Mut. Ins. Co. v. Wuethrich*, 716 N.E.2d 596 (Ind.Ct.App. 1999), the insured incurred severe physical injuries while sitting in her car when her car was struck while it was stopped in a line of traffic resulting from construction and roadwork. The parties stipulated that the insured's injuries exceeded the tortfeasor's policy limits, as well as the insured's UIM limits of $100,000.00. At issue was whether the insurer should be able to set-off from the UIM limits amounts that the insured had received from other sources, namely those involved in controlling the traffic flow and signage related to the construction and roadwork. That amount was $150,001.00. Both parties stipulated that the insurer would not be further obligated under the UIM coverage if the set-off were allowed. The limitation of liability portion of the insurer's policy read in relevant part as follows:

The limit of liability shall be reduced by all sums paid because of the 'bodily injury' or 'property damage' by or on behalf of persons or organizations who may be legally responsible.

*Id.* at 599.

A panel of this court held that there was no limitation by statute or by insurance policy language that set-off amounts were restricted to recovery from motorist tortfeasors. *Id.* The panel noted that the plain language of the policy allowed for a reduction of the insurer's liability for UIM benefits for all sums paid. *Id.*

The language in Continental's policy is very similar to the limitation of liability language in Grain Dealers. The trial court correctly determined that Continental was allowed to reduce its liability under the UIM benefits covering Hopper by the amount Hopper received from S & S. That reduction removed any liability Continental would have had under the UIM provision of the policy. Therefore, the trial court was correct in granting Continental's motion for summary judgment.

The Hoppers, however, argue that the motion for summary judgment did not extinguish a claim they have against Continental for bad faith and unfair dealing relating to the handling of this claim. The Hoppers contend that Continental should not have been able to avoid its obligation under the terms of the insurance policy by waiting since 1995 until the Hoppers' recovery from other sources exceeded Continental's liability.

The Hoppers cite to our supreme court's opinion in *Erie Insurance Company v. Hickman*, 622 N.E.2d 515, 520 (Ind.1993) for the proposition that an insured who believes that an insurance claim has been wrongly denied may have an action in contract and an action in tort. In that case, our supreme court recognized that there is a cause of action for the tortious breach of an insurer's duty to deal with its insured in good faith. *Id.* at 519.

The Hoppers claim that Continental's motion for summary judgment only involves the action in contract; therefore, the Hoppers' claim against Continental for bad faith survives. The Hoppers claim that notice to Continental of its claim for breach of contract was notice of its bad faith claim. However, as Continental points out, the Hoppers' amended complaint does not state a claim against Continental for bad faith.

766

In the present case, there were no facts before the trial court regarding a claim for bad faith. The Hoppers filed a motion for leave to amend their complaint to include such a claim the very day of the hearing on Continental's motion for summary judgment. Therefore, there was no bad faith claim pending before the trial court in this cause of action. The trial court's order disposes of the only remaining pending claim in that cause of action.

■ An insurance company has a duty to deal with its insured in good faith, and the breach of that duty allows for a cause of action in tort. *Id.* Insurance companies may, in good faith, dispute claims. *Id.* at 520. In the present case, the Hoppers' bad faith claim is based upon alleged unreasonable delay.

There were significant factual discrepancies regarding the issue of fault on the part of Carey. The question of Carey's fault and/or liability is still in dispute. The delay could be attributed to the necessity of determining the degree of liability of the various parties. Indeed, whether Carey was an uninsured/underinsured motorist liable for Hopper's injuries was not undisputed, and had not been determined. Under such circumstances we do not believe Continental can be held to have been acting in bad faith in delaying action on Hopper's claim for uninsured/underinsured motorist benefits. For there to have been recovery under the uninsured/underinsured motorist provision, Carey must have been at fault and liable for Hopper's injuries. Continental had the right to await the determination of whether or not Carey was at fault before being called upon to pay the uninsured/underinsured motorist claim, as there may not have been an uninsured motorist.

■ Furthermore, the Hoppers have not suffered tort damages for the alleged bad faith claim. The most the Hoppers could have recovered from Continental was $500,000.00. The Hoppers recovered $750,000.00 from S & S. Our supreme court noted in Erie that in most instances tort damages for the breach of duty to exercise good faith would likely be coterminous with those recoverable in a breach of contract action. *Id.* at 519. Therefore, the Hoppers have no bad faith claim.

*CONCLUSION*

The trial court correctly determined that Continental was allowed to set off the sum recovered by the Hoppers from S & S from its potential UIM liability. Further, there was no bad faith claim before the trial court against Continental. Therefore, the alleged claim neither survives nor is extinguished by the trial court's order on summary judgment.

Affirmed.

BAKER, J., and VAIDIK, J., concur.