AMERICAN ECONOMY INSURANCE COMPANY, Appellant, (Defendant, Cross–Claimant and Counterclaimant Below),

v.

MOTORISTS MUTUAL INSURANCE COMPANY, Appellant, (Defendant, Cross–Defendant Below),

and

Kimberly Natalie and Michael Natalie, Appellee, (Plaintiffs, Counterdefendants Below).

No. 47S05–9212–CV–1041.

Supreme Court of Indiana.

Dec. 31, 1992.

Don M. Robertson, James L. Whitlatch, Bunger Robertson Kelley & Steger, Bloomington, for appellant, Motorists Mut. Ins. Co.

Kenneth K. Nunn, Betsy Greene, Nunn, Kelley & Greene, Bloomington, for appellees Kimberly and Michael Natalie.

DICKSON, Justice.

■ In *American Economy Ins. Co. v. Motorists Mutual Ins. Co.* (1992), Ind.App., 593 N.E.2d 1242, the Court of Appeals reversed the trial court's declaratory judgment and sought to provide guidance on remand as to the application of our intervening decision in *Tate v. Secura Insurance* (1992), Ind., 587 N.E.2d 665.[1] Appellant American Economy Insurance Co. (American) contends that the Court of Appeals misapplies *Tate.* We grant transfer.

The present case arose out of an automobile accident involving Kimberly Natalie, an insured of Motorists Mutual Insurance Co. (Motorists) who was driving a borrowed automobile insured by American. The other driver, allegedly at fault, was insured by Vernon Fire and Casualty Insurance Co. (Vernon) which paid Natalie its limits of liability coverage in the amount of $25,000. Natalie then filed suit against American for that portion of her injuries in excess of Vernon's payment, subsequently amending her complaint to add Motorists as a defendant.

At issue in *Tate* was imprecise language contained in an automobile insurance policy issued by Secura regarding reductions in amounts payable under its uninsured motorists coverage. Relevant portions of the Secura policy provided that "[a]mounts payable will be reduced by … [a]mounts paid" to the insured or by or on behalf of the tortfeasor. We held in *Tate* that, because "amounts payable" was a phrase not clearly defined in the policy, Secura was bound by the plain and ordinary meaning

Danford R. Due, Charles F. Miller, Jr., Stewart Due Miller & Pugh, Indianapolis, for appellant, American Economy Ins. Co.

---

1. "Pursuant to the recent holding in *Tate v. Secura Ins.* (1992), Ind., 587 N.E.2d 665, to the extent that Natalie's damages exceed the tortfeasor's liability limits of $25,000, both American's policy and Motorists's policy provide Natalie with underinsured motorists coverage for her bodily injury damages up to the limits of Motorists's policy, or $100,000. In other words, pursuant to *Tate,* the trial court may not order that the $25,000 payment Natalie received from Vernon be deducted from her $100,000 limit for underinsured motorists coverage." 593 N.E.2d at 1246–47.

of its words as viewed from the standpoint of the insured. As a result, we construed "amounts payable" to refer not to coverage limits, but to "such bodily injury damages as its insured is legally entitled to recover from the operator of an underinsured motor vehicle." *Tate* at 668.

Based upon our construction of Secura's policy terms, we found that it provided underinsured motorists coverage for bodily injury damages to the extent these damages exceed the tortfeasor's liability coverage, up to the limits of the insured's own underinsured motorists coverage. *Id.* at 669. In the case before us, however, the policy language utilized by American and Motorists is clearly distinguishable from that embodied in the Secura policy.

Unlike Secura, American provides an express limitation of its liability in its Uninsured Motorists Insurance Endorsement, Section E, OUR LIMIT OF LIABILITY:[2]

> 2. Any amount payable under this insurance shall be reduced by:
> ... b. All sums paid by or for anyone who is legally responsible, including all sums paid under the policy's LIABILITY INSURANCE.

R. 78.[3]

American contends that "amounts payable" refers to its uninsured motorists limits because its reduction clause, *supra*, is located within its limits of liability section. American further urges that "amounts payable" be construed as uninsured motorists limits because the limits of the liability section is found in the endorsement immediately following a policy section defining uninsured motorists limits as the limits shown in the Declarations portion of the policy. R. 76.

Similarly, in contrast to Secura, the Motorists policy also articulates a specific limitation of liability in a reduction clause of its Uninsured Motorists Coverage portion of a policy endorsement, LIMIT OF LIABILITY:

> Any amounts otherwise payable for damages under this coverage shall be reduced by all sums:
> 1. Paid because of the bodily injury or property damage by or on behalf of persons or organizations who may be legally responsible.

R. 88.[4]

Motorists, like American, contends that "amounts payable" means its uninsured motorists limits because its reduction clause is found within the LIMIT OF LIABILITY section. Motorists also argues that its LIMITS OF LIABILITY provision specifically underscores its definition of "amounts payable" as uninsured motorists limits through its statement that

> The limit of liability shown in the Declarations for this coverage is our maximum limit of liability for all damages resulting from any one accident. This is the most we will pay....

*Id.*

We find that "amounts payable" under the Secura policy in *Tate*—the total bodily injury damages legally recoverable by the insured—differs significantly from the more clearly delineated provisions of American and Motorists which express "amounts payable" as a sum limited to uninsured motorists coverage limits.

Because this disparity between Secura's policy language and that of American and Motorists leads to divergent constructions of "amounts payable," the result in *Tate* governing "amounts payable" does not obtain in the present case.

■ On remand, the trial court should observe that appellees would first have recourse against American as the primary insurer for its underinsured coverage limits of $60,000, less the $25,000 already paid by

---

2. Words or phrases appearing in all capital letters in this opinion appear as such in insurance policy provisions to indicate terms expressly defined in the respective policy contracts.

3. This same endorsement also qualifiedly defines "uninsured motor vehicle," in relevant part, "as a land motor vehicle or trailer ... [W]hich is an underinsured motor vehicle...." R. 77

4. This same endorsement also qualifiedly sets forth that "uninsured motor vehicle," in relevant part, "shall also include underinsured motor vehicle...." R. 88

Vernon in behalf of the tortfeasor. Next, appellees would have access to Motorists' excess coverage of $100,000, less the $25,-000 previously paid by Vernon.[5]

In no event, however, may appellees' un-derinsured motorist coverage recoveries exceed the aggregate underinsured motorist coverage maximum of $100,000, consistent with the Court of Appeals interpretation of the "non-stacking" provisions of both policies. In all respects other than the issues discussed above, the opinion of the Court of Appeals is affirmed pursuant to Ind.Appellate Rule 11(B)(3).

SHEPARD, C.J., and DeBRULER, GIVAN and KRAHULIK, JJ., concur.

**5.** In discussing the potential recovery available under the excess coverage provided by Motorists, we note the policy provision that amounts payable under its underinsured motorists coverage are to be reduced by sums paid "because of the bodily injury or property damage sustained by or on behalf of persons or organizations who may be legally responsible." It may seem unclear whether this would require a reduction to be made for payments from American's underinsured motorists coverage. The policy provision is analogous to Ind.Code § 27–7–5–5(c)(1)(A) which permits a reduction for "the amount paid *in damages* to the insured by or for any person or organization *who may be liable for the insured's bodily injury*" (emphasis added). This reduction would not include underinsured motorists coverage payments made by American. We view the policy limitation to be no more restrictive upon the insured than the statutory language. We therefore construe the Motorists's policy phrase to refer only to sums from those directly liable for causing the injuries, and to not permit reduction from amounts payable for sums from American's underinsured motorists coverage. As a matter of public policy, however, in no event will Motorists be required to pay an amount which would result in compensation to the insured for more than the total actual damages sustained.