Terry KINSLOW, Individually and as Personal Representative of the Estate of Marshall Lee Kinslow, Deceased, Appellant–Plaintiff,

v.

GEICO INSURANCE COMPANY and Lucille Taylor, Appellees–Defendants.

No. 49A04–0604–CV–197.

Court of Appeals of Indiana.

Dec. 6, 2006.

Nathaniel Lee, Robert E. Feagley, II, Lee Cossell Kuehn & Love, LLP, Indianapolis, IN, Attorneys for Appellant.

Mark D. Gerth, Kightlinger & Gray, LLP, Indianapolis, IN, Attorney for Appellee.

## OPINION

BARNES, Judge.

### Case Summary

Terry Kinslow, individually and as personal representative of her husband's estate, appeals the trial court's entry of summary judgment in favor of GEICO Insurance Company ("GEICO"). We affirm.

### Issue

The sole restated issue is whether the trial court properly concluded that GEICO is not required to provide uninsured motorist benefits to Kinslow.

### Facts

On July 19, 2003, Kinslow and her husband, Marshall Kinslow, were on a motorcycle traveling westbound on 34th Street in Indianapolis. Lucille Taylor was traveling eastbound on 34th Street and attempted to make a left turn onto Rural Street. When she did so, she struck the Kinslows' motorcycle. Another vehicle struck the rear of the Kinslows' motorcycle, but it left the scene of the accident. The accident caused fatal injuries to Marshall and serious bodily injuries to Kinslow.

At the time of the accident, the Kinslows were covered by two policies issued by GEICO, a general automobile policy and a specific motorcycle policy. Both policies had UM bodily injury limits of $100,000 per person and $300,000 per occurrence. Kinslow sued Taylor on her own behalf and on behalf of her husband's estate. She also sued GEICO, seeking recovery of uninsured motorist ("UM") benefits, which GEICO had refused to pay, related to the unknown vehicle that fled the scene of the accident.

Taylor and Taylor's insurer settled with Kinslow for a total of $200,000, or $100,000 for Kinslow's own injuries and $100,000 for the fatal injuries suffered by Marshall. GEICO thereafter moved for summary judgment on the basis that Taylor's $200,000 payment completely set off any and all UM benefits it might have been required to pay Kinslow. The general automobile policy issued by GEICO read in part:

LIMITS OF LIABILITY

\* \* \* \* \*

1. The limit of Bodily Injury Liability for Uninsured Motorists Coverage stated in the declarations for "each person" is the limit of our liability for all damages, including those for care or loss of services, due to bodily injury sustained by one person as the result of one accident.

\* \* \* \* \*

The amount payable under this Coverage will be reduced by all amounts:

(a) paid by or for all persons or organizations liable for the injury....

App. p. 45. The motorcycle policy read in part:

Limit of Liability

\*\* \* \* \* \*

1. The limit of bodily injury shown on the Declarations as applying to "each person" is the maximum we will pay for all damages sustained by one person as a result of one accident covered by this Part.

\* \* \* \* \*

Any amounts otherwise payable for damages under this coverage shall be reduced by:

1. All sums paid because of the bodily injury by or on behalf of persons or organizations who may be legally responsible. This includes all sums paid under the Liability coverage or Motorcycle Medical Payments coverage of this policy; and

2. All sums paid or payable because of the bodily injury under any workers' or workmen's compensation, disability benefits or any similar law.

App. p. 32.[1] The trial court granted GEICO's summary judgment motion. Kinslow now appeals.

### Analysis

■ Summary judgment is appropriate only if the evidence shows there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Ind. Trial Rule 56(C); *Bowman ex rel. Bowman v. McNary*, 853 N.E.2d 984, 988 (Ind.Ct.App.2006). We must construe all facts and reasonable inferences drawn from those facts in favor of the nonmoving party. *Bowman*, 853 N.E.2d at 988. Our review of a summary judgment motion is limited to those materials designated to the trial court, and we must carefully review decisions on such motions to ensure that parties are not improperly denied their day in court. *Id.* Assuming that there was an uninsured motorist involved in the accident here, the question before us is strictly one of law involving interpretation of an insurance policy. The proper interpretation of an insurance policy, even if it is ambiguous, is generally a question of law appropriate for summary judgment. *Progressive Ins. Co., Inc. v. Bullock*, 841 N.E.2d 238, 240 (Ind. Ct.App.2006), *trans. denied.*

Setoff provisions in UM and underinsured ("UIM") motorist policies have generated frequent litigation, often focusing on whether payment to an insured from a third party should be deducted from the total amount of damages sustained by the insured or from the limits of liability of the UM/UIM coverage. Kinslow argues for the former proposition in this case; that is, assuming (for example) that her and Marshall's total damages totaled $400,000,[2] Taylor's payment of $200,000 would be deducted from that amount, leaving GEICO liable for the remaining $200,000 in damages sustained. GEICO argues for the latter proposition, with which the trial court agreed; that is, Taylor's payment of $200,000 should be deducted from GEICO's policy limits for UM/UIM coverage that would apply to this case, or $200,000, leaving GEICO with zero liability, regardless of the total damages.

In 1992, our supreme court decided two cases involving UM/UIM setoff provisions,

---

1. It appears Kinslow was seeking UM benefits under one or the other, but not both, of these policies, or total benefits of $200,000— $100,000 for her injuries and $100,000 for those of her husband.

2. We do not know the full monetary extent of the Kinslows' damages.

*Tate v. Secura Insurance,* 587 N.E.2d 665 (Ind.1992) and *American Economy Insurance Company v. Motorists Mutual Insurance Company,* 605 N.E.2d 162 (Ind.1992). In *Tate,* the UM/UIM portion of the policy had a provision stating, "Amounts payable will be reduced by ... [a]mounts paid because of the bodily injury by, or on behalf of, persons or organizations who may be legally responsible." *Tate,* 587 N.E.2d at 668. The *Tate* court construed this language as meaning, "It is [the] amount of damages, not the coverage limit, which is the 'amounts payable' to be reduced by the amount paid to Tate by or on behalf of the tortfeasor." *Id.*

In *American,* the court considered a UM/UIM provision that stated, under a section denominated "LIMIT OF LIABILITY," as follows: "Any amounts otherwise payable for damages under this coverage shall be reduced by all sums ... [p]aid because of the bodily injury or property damage by or on behalf of persons or organizations who may be legally responsible." *American,* 605 N.E.2d at 164. This language was found to be distinguishable from the language considered in *Tate. Id.* Thus, the court held that the amount already recovered from the insured by a third party would be deducted from the insured's UIM policy limits, not the total damages sustained, unlike in *Tate. Id.* The court gave two reasons for this holding. First, the setoff clause was found within the "LIMIT OF LIABILITY" section of the policy. *Id.* Second, the court emphasized the following additional language in the policy: "The limit of liability shown in the Declarations for this coverage is our maximum limit of liability for all damages resulting from any one accident. This is the most we will pay...." *Id.*

Ten years later, our supreme court granted transfer in *Beam v. Wausau Insurance Company,* 765 N.E.2d 524 (Ind.

2002), to address two different lines of interpretation involving UM/UIM setoff clauses that this court had developed after *Tate* and *American.* *See Beam,* 765 N.E.2d at 529. The policy at issue in *Beam* stated in part:

D. LIMIT OF INSURANCE ...

2. The Limit of Insurance under this coverage shall be reduced by all sums paid or payable by or for anyone who is legally responsible, including all sums paid under the Coverage Form's LIABILITY COVERAGE.

3. Any amount payable for damages under this coverage shall be reduced by all sums paid or payable under any workers' compensation, disability benefits or similar law.

*Id.* at 527.

The court concluded that the policy was unambiguous and provided that any reduction for worker's compensation benefits the insured had received would "be taken from the amount of damages Beam incurred rather than from the policy limit." *Id.* at 530. It noted that the policy expressly provided for a reduction from the insured's "damages," not policy limits. *Id.* The court also stated that the phrase, " 'under this coverage,' is a general phrase contained in insurance agreements that refers to the scope of the initial insuring agreement, not the dollar amount of the policy limit." *Id.* at 530–31. The "scope of coverage" was compensatory damages the insured was entitled to recover from the owner of an underinsured vehicle. The court concluded:

any reduction for worker's compensation and disability benefits should come from [the amount of damages to which the insured was legally entitled], irrespective of whether that amount is above or below the policy limits. If that amount is above the limit, this helps the insured, and if it is below the limit, it helps the

insurer. We think this is not only a neutral rule, but also consistent with the language of the policy and its purpose to provide indemnity for covered losses subject to policy limits.

*Id.* at 531. After reaching this conclusion, the court also noted that the insurance policy, immediately before the setoff provision regarding worker's compensation benefits, had explicitly used language unmistakably providing that any reduction had to be taken from the policy limits when it said, *"The Limit of Insurance under this coverage* shall be reduced by all sums paid or payable by or for anyone who is legally responsible...." *Id.* (emphasis added by *Beam* ).

Not surprisingly, Kinslow argues that this case is governed by *Beam,* while GEICO argues that *American* is controlling. Although GEICO argues that *Beam* "reaffirmed the validity of the American Economy opinion," it is not clear to us that that was the case. Appellee's Br. p. 9. The *Beam* court did not expressly state whether it was approving or disapproving of *American.* The language the *Beam* court considered is remarkably similar to the language the *American* court considered, yet the opinions reached opposite results. The only material difference between the policies is that the *Beam* setoff provision addressed worker's compensation benefits, while the *American* setoff provision referred more generally to any payments from those legally responsible. That difference seemed to play no part in the *Beam* court's analysis, however.

■ Ultimately, we conclude that it is unnecessary to resolve whether *Beam* impliedly overruled *American.* We do not

perceive much, if any, difference between the language of GEICO's policy and the policy language addressed by our supreme court in *Beam.* We also believe we are between a rock and a hard place here. As GEICO observes, there is a statute apparently directly on point that would compel a result opposite from *Beam,* Indiana Code Section 27–7–5–5(c). This statutory provision provides:

The maximum amount payable for bodily injury under uninsured or underinsured motorist coverage is the lesser of:

(1) the difference between:

(A) the amount paid in damages to the insured by or for any person or organization who may be liable for the insured's bodily injury; and

(B) the per person limit of uninsured or underinsured motorist coverage provided in the insured's policy; or

(2) the difference between:

(A) the total amount of damages incurred by the insured; and

(B) the amount paid by or for any person or organization liable for the insured's bodily injury.

Ind.Code § 27–7–5–5(c).

Although this statutory provision has been in existence since 1987, few of the several cases decided since then regarding setoffs and uninsured or underinsured motorist coverage have mentioned the provision, including *Beam.*[3] The *Tate* court acknowledged its existence, but noted that the policy in that case had been issued before the provision was enacted. *Tate,* 587 N.E.2d at 668. The court, therefore, declined to consider the provision in deciding the setoff question before it because

---

**3.** Beam noted eight cases from this court discussing whether a setoff clause in a particular policy's UM/UIM clause required payments to the insured from other sources to be deducted from the policy limits or from the total amount of damages. *See Beam,* 765 N.E.2d at 529 n. 3 & 4. Like *Beam,* none of these cases mentioned Indiana Code Section 27–7–5–5(c) when deciding the question.

when the policy was issued, "Indiana did not then require Secura to provide underinsured motorists coverage, *nor did it impose statutory limits upon the nature and operation of such coverage.*" *Id.* (emphasis added). Such limits existed when GEICO issued these policies to the Kinslows.

Kinslow fails to cite or analyze this statute in her brief. As a general matter, the statutes governing UM/UIM insurance are considered a part of every automobile liability policy the same as if written therein. *United Nat'l Ins. Co. v. DePrizio*, 705 N.E.2d 455, 460 (Ind.1999) (addressing I.C. § 27–7–5–2). Additionally, UM/UIM legislation is to be liberally construed in a light most favorable to the insured. *Id.* at 459–60. It is also true, however, that the first step in interpreting any Indiana statute is to determine whether the legislature has spoken clearly and unambiguously on the point in question. *St. Vincent Hosp. and Health Care Ctr., Inc. v. Steele*, 766 N.E.2d 699, 703–04 (Ind. 2002). If a statute is clear and unambiguous, we need not apply any rules of construction other than to require that words and phrases be taken in their plain, ordinary, and usual sense. *Id.* at 704. "Clear and unambiguous statutory meaning leaves no room for judicial construction." *Id.*

The language of Indiana Code Section 27–7–5–5(c) does not provide a set formula for calculating setoffs in all cases, but it does establish maximum and minimum parameters for the amount of recovery a plaintiff is entitled to as a result of a UM or UIM claim. *Gardner v. State Farm Mut. Ins. Co.*, 589 N.E.2d 278, 281 (Ind.Ct. App.1992), *trans. denied.* We also conclude that the language of the statute is clear and unambiguous and is not open to interpretation. It says that the *maximum* UM or UIM bodily injury benefits to which an insured is entitled as the result of an accident is the *lesser* of the difference between the amount already recovered by the insured less the per person limit of UM/UIM coverage in the insured's policy, *or* the difference between the total amount of damages incurred by the insured and the amount already recovered by the insured. Applying this formula here, assuming total damages to the Kinslows of $400,000, payment by Taylor of $200,000, and UM policy limits under either GEICO policy of $200,000, the first calculation results in zero ($200,000—$200,000), while the second results in $200,000 ($400,000—$200,000). Obviously, the lesser of these amounts is zero. To allow Kinslow to recover anything under either GEICO policy would contravene clear and unambiguous statutory language. We cannot construe either policy in such a way. *See, e.g., Harbour v. Arelco, Inc.,* 678 N.E.2d 381, 385 (Ind.1997) (noting that contracts that contravene a statute generally are "void").

To the extent our holding today might be seen to conflict with *Beam*, we note the following. First, we reiterate that *Beam* did not address the applicability of Indiana Code Section 27–7–5–5(c). Second, the factual scenario in *Beam* was different from that before us today. There, the total damages suffered by the insured—$701,371—were less than the UIM insurance limit at issue, $1 million. Under that scenario, it was consistent with the UM/UIM maximum coverage statute to set off the worker's compensation payments from the total damages, rather than the UIM limit. Here, by contrast, Kinslow argues she and her husband sustained damages in excess of the applicable UM limit of $200,000. In such a case, Section 27–7–5–5(c) mandates that Taylor's payment of $200,000 be deducted from the UM limit, not the total damages. Although the UM/UIM statutes require coverage for such claims in Indiana, it does appear that the

legislature also enacted certain mandatory limits for such coverage.

Kinslow also contends that GEICO is not entitled to set off payments made by Taylor or her insurer because those were not payments made "on behalf of" the uninsured motorist, i.e. the vehicle that fled the scene. She relies primarily upon the Indiana Comparative Fault Act and accompanying case law, under which a defendant is not entitled to a credit against its liability when a nonparty defendant settles with the plaintiff. *See R.L. McCoy, Inc. v. Jack*, 772 N.E.2d 987, 991 (Ind. 2002). Kinslow, however, fails to explain why the Comparative Fault Act, which concerns apportionment of liability among all parties, should apply in the context of a case that is governed by a completely different statutory scheme and concerns limits on an insured's recovery from an insurer.

Here, both GEICO policies state that the amount of UM coverage will be reduced by "all sums" paid to the insured by or on behalf of other parties. Indiana Code Section 27–7–5–5(c)(1) also requires consideration of "the amount paid in damages to the insured by or for *any* person organization who may be liable for the insured's bodily injury...." (Emphasis added). This court has held that similar policy language, as well as the UM/UIM statutory setoff provision, required setoff from UM/UIM coverage of all amounts received by the insured from any tortfeasor, including non-motorist tortfeasors. *Grain Dealers Mut. Ins. Co. v. Wuethrich*, 716 N.E.2d 596, 599 (Ind.Ct.App.1999), *trans. denied.* There seems to be no dispute here that Taylor was at least partially responsible for the accident. Contrary to Kinslow's assertion, Taylor's or her insurer's $200,000 payment on her behalf must be set off against GEICO's $200,000 UM limits in this case because she was a person "who may be liable" for the Kinslows' injuries. We also note that the UM/UIM setoff statute seemingly would be meaningless if an insurer could only set off amounts paid to the insured by an uninsured motorist.

### Conclusion

Indiana Code Section 27–7–5–5(c) applies in this case and clearly requires that the $200,000 paid by Taylor for the Kinslows' injuries must be set off against the available $200,000 UM limits of both GEICO policies at issue here. We affirm the trial court's grant of summary judgment in GEICO's favor.

Affirmed.

SULLIVAN, J., and ROBB, J., concur.